IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DAMON WALDEN,
on behalf of himself and others similarly
situated,

    Plaintiff,

vs.              **COLLECTIVE ACTION**

ST MARY AND ST MINA, INC., a
Florida Corporation, and
ST. PHILOMENA INC., a Florida
Corporation, and
HANY K. MENIAS, an individual,

    Defendants.
_____/

## COMPLAINT

### INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff DAMON WALDEN, and all others similarly situated to him who were formerly or are currently employed as store clerks by Defendants ST MARY AND MINA, INC., ST. PHILOMENA INC., d/b/a 7-Eleven Store (hereinafter, "7-Eleven Stores) and HANY K. MENIAS.

2. Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to them, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendants 7-ELEVEN STORES and HANY K. MENIAS.

1

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendants 7-ELEVEN STORES and HANY K. MENIAS, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Pasco County, Florida and within the Middle District of Florida.

## PARTIES

6. Plaintiff DAMON WALDEN (hereinafter "Plaintiff" or "WALDEN") was, at all material times, a resident of Pasco County, Florida and was employed as an hourly wage store clerk for Defendants 7-ELEVEN STORES and HANY K. MENIAS for their 7-Eleven Stores in Pasco County, Florida, from on or about March 2020 until his separation from employment in October 2020.

7. Defendant HANY K. MENIAS, (hereinafter "MENIAS"), who resides in the Middle District of Florida, was, and still is, an owner and/or operator of Defendant 7-ELEVEN STORES.

8. Defendant MENIAS acted and acts directly in the interests of Defendant 7-ELEVEN STORES, in relation to its employees, including the Plaintiff and all others

2

similarly situated, in that MENIAS hired employees, set their pay rate, determined their work schedule, and terminated employees. Thus, MENIAS was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

9. Defendants ST MARY AND MINA, INC. and ST. PHILOMENA INC. involve related activities (operation of individual 7-Eleven retail store), have unified operations (sharing of employees), have common control (each store is owned and operated by Defendant Menias) and have a common business purpose, such that these two entities are considered to be one enterprise pursuant to 29 C.F.R. § 779.215.

10. At all times material, Plaintiff was an employee of Defendants 7-ELEVEN STORES and MENIAS within the meaning of the FLSA.

11. At all times material, during Plaintiff's employment with Defendants 7-ELEVEN STORES and MENIAS, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and sold many retail items that are commonly found in 7-Eleven stores such as food, snacks, cigarettes, sundries, beer, wine, gasoline, etc...) many of which originated or were manufactured outside of the state of Florida.

12. At all times material, Defendant 7-ELEVEN STORES was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, 7-ELEVEN STORES is part of a national chain of franchises comprised of two Florida Corporations doing business in Pasco County, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, goods or materials that have been moved in or produced for commerce; and it is an

enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, 7-ELEVEN STORES operates as an organization which sells and/or markets its services and/or goods to customers within the Middle District, and 7-ELEVEN STORES obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

13. The allegations in Paragraphs 1 through 12 are incorporated as if fully stated herein.

14. Plaintiff is a non-exempt former employee of Defendants 7-ELEVEN STORES and MENIAS who worked as a retail store clerk for Defendants' 7-Eleven Stores located in Pasco County, Florida.

15. From on or about March 2020 until October 2020, Plaintiff worked more than 40 hours per week during many weeks of his employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid only straight time for all hours worked.

16. Defendants implemented a scheme to circumvent the overtime requirements of the FLSA by:

    a. sharing employees between stores such that the employees work less than 40 hours at each store, but work more than 40 hours combined between the stores; and,

  b. paying employees with a separate paycheck from each store at the straight time rate;

17. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

18. Defendants share many employees and pay these employees in the same manner as the Plaintiff. Accordingly, there are many other current and former employees who worked overtime between multiple locations and are thus owed the half-time premium as well.

## LEGAL CLAIMS
### COUNT I (as to Plaintiff and those similarly situated)

19. Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by All Defendants

20. The allegations in Paragraphs 1 through 18 are realleged and fully incorporated by reference herein.

21. By its actions alleged above, Defendants 7-ELEVEN STORES and MENIAS, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

22. As a result of the unlawful acts of Defendants Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

a. To authorize the issuance of notice at the earliest possible time to all current and former retail store clerks who were employed by Defendants, and who were paid hourly. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

b. To declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

c. To declare that Defendants' violations of the FLSA were willful;

d. To award Plaintiff and other similarly situated current and former employees of Defendants adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

e. To award Plaintiff and other similarly situated current and former employees of Defendants liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

f. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

g. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

h. To award Plaintiff and other similarly situated current and former employees of Defendants their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, DAMON WALDEN, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/Damon Walden*
Damon Walden

Dated: January 16, 2021
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*